282 P.2d 705

FERGUSON–STEERE MOTOR COMPANY, a corporation, and E. B. Law and Son, Inc., a corporation, Plaintiffs-Appellees,

v.

STATE CORPORATION COMMISSION OF NEW MEXICO, Eugene Allison, Dan R. Sedillo and Ingram B. Pickett, Members of said Commission, and C. R. Scott, d/b/a C. R. Scott Oil Company, Defendants-Appellants.

No. 5818.

Supreme Court of New Mexico.
April 12, 1955.

Jones, Stiff & Briggs, Albuquerque, for appellants.

H. A. Kiker, Donovan N. Hoover, Santa Fe, for appellees.

PER CURIAM.

The opinion heretofore filed on this appeal is hereby withdrawn and the one to follow is substituted in lieu of it.

SADLER, Justice.

This is an appeal from the judgment of the district court of the First Judicial District sitting in Santa Fe County, vacating an order of the State Corporation Commission, dated May 14, 1951, cancelling an earlier order extending a Certificate of Public Convenience and Necessity No. 851 in the name of C. R. Scott d/b/a C. R. Scott Oil Company and issuing to him a new certificate of Public Convenience and Necessity bearing the same number, to wit, 855–1, authorizing certain trucking opera-

tions therein described. The order provided that it should be effective from its date, namely, May 14, 1951.

The background to the issuance of the certificate mentioned will be stated for a better understanding of what follows. On November 22, 1950, C. R. Scott, who was then operating as a motor carrier, pursuant to Certificate No. 855–1, between Eddy, Lea and Chaves counties, and twenty-two other counties in New Mexico, made application for authority to haul petroleum and petroleum products from points and places to points and places in New Mexico. A hearing on the application was ordered by the Commission to be held at Artesia on December 5, 1950, and publication of notice thereof was duly had. The hearing noticed was held pursuant thereto and it was not until May 14, 1951, following that the orders and action recited in the first paragraph hereof took place.

Pursuant to the order authorizing the new certificate recited hereinabove as having been made by the Commission on May 14, 1951, the certificate mentioned was issued by it on the same date under docket No. 2645, granting the points and places to points and places authority recited in the order.

Thereafter, and under date of July 27, 1951, the plaintiffs (appellees) who were protestants at the hearing in Artesia already mentioned, filed the action out of

which this appeal arose in the district court of Santa Fe County, attaching to their complaint a copy of the order of May 14, 1951. The action was instituted pursuant to authority to be found in 1953 Comp. § 64–27–68 et seq., and sought to set aside the order of May 14, 1951, as unlawful. The plaintiffs asked that upon final hearing the defendants, State Corporation Commission and the members thereof, naming them, be enjoined permanently from enforcing said order, or permitting any operations thereunder, and that they file in the cause all files, records, transcripts of testimony, etc., pertaining to said cause as heard before the Commission.

Following the commencement of the foregoing action the appellant herein C. R. Scott, d/b/a C. R. Scott Oil Company, asked and was given leave to be made a party defendant to the cause. Order was duly entered directing the sending up of all of the records of State Corporation Commission touching the matter and, subsequently, the district court having duly considered the record before it following appearance of all parties to the cause, filed its findings of facts and conclusions of law relating to the Commission's order in question, the material portions thereof being as follows:

"*   *   *   *   *   *

"3. That the State Corporation Commission, in making its Order, failed to make Findings of Fact upon the issues raised in the proceedings before it.

"4. That the State Corporation Commission, in such order, failed to make appropriate Findings as required by Sec. 68–1308, New Mexico Statutes Annotated, 1941, relative to the adequacy of existing transportation facilities in the territory and between the points named in said Order.

"5. That the State Corporation Commission, in issuing the Certificate of Public Convenience and Necessity simultaneously with the order heretofore mentioned, did so contrary to Sec. 68–1362, New Mexico Statutes Annotated, 1941.

"From the foregoing Findings of Fact, the Court concludes, as matters of law:

"1. That the Court has jurisdiction over the parties and the subject matter.

"2. That the Order of the State Corporation Commission, and the Certificate of Public Convenience and Necessity issued thereunder are unlawful, and should be vacated and set aside for the reasons as set forth in Findings of Fact numbered 3, 4 and 5.

"3. That the ruling of the Court is based upon the legal issues involved, and no finding of fact or conclusion of

law is, or can be, made because the issue of law is determinative of the entire proceeding."

Judgment was entered pursuant to the foregoing findings and conclusions. The present appeal is prosecuted by the appellant C. R. Scott, d/b/a C. R. Scott Oil Company, seeking a reversal of the judgment so rendered and a direction to the district court to hear the cause on its merits. In the meantime, following the filing of appellee's answer brief on the merits and by reason of a suggestion therein that there was an absence of an indispensable party on the appeal, namely, State Corporation Commission, hereinafter referred to as the Commission, the appellant, Scott, filed his motion to add the Commission as a party to the appeal, supported by brief. Four days later, November 20, 1954, his reply brief on the merits was filed.

Within a week thereafter, on November 26, 1954, the brief of appellees opposing the motion to add the Commission as a party to the appeal was filed. So the matter stood when the cause was argued orally by opposing counsel and taken under advisement by the court. Our opinion denying appellant's motion to add the Commission as a party to the appeal as having been unseasonably made and affirming the judgment under review because of the absence of an indispensable party was handed down on December 15, 1954.

Thereafter, on December 23, 1954, the appellant came in by motion asking this court to reopen the case pointing out that the appellee's answer brief on the motion to add the Commission as a party, though filed in the cause on November 26, 1954, the day it was argued orally, a copy thereof was not served on appellant's counsel until December 20, 1954; whereas, this court's opinion, on the appeal was filed December 15th, nearly a week earlier. Upon learning of the filing of appellee's answer brief on the motion to add parties the appellant was given 5 days from service of same on his counsel within which to file a reply thereto. Such reply brief was filed on January 4, 1955. And now the cause is again before us on appellant's motion to add the Commission as a party to the appeal, the appellee having agreed the former opinion filed herein might be deemed withdrawn, or considered held in suspense, pending a reconsideration of appellant's motion to add the Commission as a party to the appeal.

First, let us settle the question of whether State Corporation Commission, including its personnel, is a necessary, indeed, an indispensable party. We think there can be no question but that the Commission is such a party. The mandate of the judgment operates directly upon the Commission and its members. The injunctive features of the judgment run directly to the

Commission and its personnel. Not one is related directly to the appellant who, alone, appears before us as an appellant. So it is that we begin our consideration of the merits of the motion in full recognition of the fact that it seeks to join as a party to the appeal a litigant indispensable to its determination.

▉ Counsel for appellant rest their claim of right to have the Commission added as a party to the appeal on the language of Rule 8 of Supreme Court Rules, paragraphs 1 and 8, reading, as follows:

"1. If there be several parties entitled to sue out a writ of error or take an appeal, and any of them shall have separate interests in the judgment, or if the judgment, though joint in form, is substantially against one; or if some of the parties in the court below have no interest in reversing or maintaining the judgment; or if upon notice and request to join in such writ of error or appeal, they shall fail or refuse to do so, it shall not be necessary to join such parties in such writ of error or appeal, and the Supreme Court may, on affidavits or from the record, determine whether or not the parties omitted should have been joined therein. If upon such showing the Supreme Court finds a party has been improperly omitted, then upon terms the Court shall order such party brought in and notice according to the terms of the order served upon him.

\*    \*    \*    \*    \*    \*

"8. Persons may be substituted as parties or compelled to become parties in cases pending in the Supreme Court upon such terms as the Supreme Court may prescribe."

When we interpret these paragraphs of Rule 8 in the light of their history, it is difficult to escape the conclusion that the power resides in this court to add parties to such appeal here, upon such terms, as it may impose, if improperly omitted. It is interesting to note that, except for the last sentence thereof, paragraph 1 of Rule 8 was enacted as L.1917, c. 43, § 5, a verbatim reenactment of L.1907, c. 57, § 4, Code 1915, § 4473. The last sentence of the first section of Supreme Court Rule 8 was added by this court as a part thereof in the 1935 Revision of the Rules. And at the same time, Supreme Court Rule 8, subsection 8, which as enacted in L.1917, c. 43, § 14, read:

"Sec. 14. Persons may be substituted as parties or compelled to become parties in cases pending in the Supreme Court in like time and manner and with like effect as provided for in original suits in District Courts."

was amended to read as it stands at present, to wit:

"8. Persons may be substituted as parties or compelled to become parties

in cases pending in the Supreme Court *upon such terms as the Supreme Court may prescribe."* (Emphasis ours.)

The substitution by the court in the subsection of Rule 8 just quoted of the language "upon such terms as the Supreme Court may prescribe" for the language it displaced, carrying the element of time as a condition of the right to add or substitute parties, seems almost compelling in its significance. And when we take notice of the fact that these amendments of the Supreme Court Rules took place following the decisions in Clark v. Rosenwald, 30 N.M. 175, 230 P. 378, and Miller v. Oskins, 33 N.M. 109, 263 P. 764, so much relied upon by appellees, added weight is given the appellant's contention that an omitted party may be added in this court upon such terms as it may prescribe and as justice may require. There is no time limit by statute or rule on the right to make application to add parties here, though obviously unseemly delay, or prejudice to the opposite party, would be factors of great weight in looking with disfavor on such an application.

Counsel for appellant points out the portion of Supreme Court Rule 8(1) the proviso for making a new party, if improperly omitted, reading:

"If upon such showing the Supreme Court finds a party has been improperly omitted, then upon terms the Court shall order such party brought in and notice according to the terms of the order served upon him."

It is also argued that if the addition of new parties here is to be governed by Supreme Court Rule 5(1) an impossible burden often is placed on a party and on the court in endeavoring to determine within the time limited for appeal, "from affidavits or from the record" whether a party omitted should have been added. We think the motion to add as a party here State Corporation Commission including its personnel should be granted. Notice shall be served on the Commission to appear within 20 days, taking such position on such appearance, supported by brief, as it may be advised.

We do not question the presence of the appellant before us as a proper party to the appeal as a party in interest. We do question the assertion of counsel that he is the *real* party in interest, or to be more accurate, the only *real* party in interest. The rights of the public are involved and are within the protection of the Commission.

It follows from what has been said that submission of the cause on the merits will be set aside, the former opinion withdrawn and the motion to add parties granted.

It is so ordered.

COMPTON, C. J., and LUJAN and McGHEE, JJ., concur.

KIKER, J., not participating.