288 P.2d 440

FERGUSON–STEERE MOTOR COMPANY, a Corporation, and E. B. Law and Son, Inc., a Corporation, Plaintiffs-Appellees,

v.

STATE CORPORATION COMMISSION OF NEW MEXICO, John Block, Jr., Ingram B. Pickett, and James F. Lamb, Members of said Commission, and C. R. Scott, d/b/a C. R. Scott Oil Company, Defendants-Appellants.

No. 5818.

Supreme Court of New Mexico.
Aug. 29, 1955.

Rehearing Denied Sept. 30, 1955.

Jones, Stiff & Briggs, Albuquerque, for C. R. Scott.

Richard H. Robinson, Atty. Gen., Jack A. Smith, Asst. Atty. Gen., for State Corp. Comm'n.

Robert E. Fox, Santa Fe, for Ferguson-Steere Motor Co.

Donovan N. Hoover, Santa Fe, for E. B. Law & Son, Inc.

SADLER, Justice.

This represents the third opinion prepared on this appeal. The first one was on the motion of one of the defendants, C. R. Scott Oil Company, to make State Corporation Commission a defendant. The motion was denied and, deeming the absent party indispensable, the judgment was affirmed. Subsequently, upon motion of the C. R. Scott Company and for good cause shown, the appeal was reopened and following further argument the opinion on file was withdrawn, the position taken therein was reversed and an order entered making State Corporation Commission a party defendant. See Ferguson-Steere Motor Company v. State Corporation Commission, 59 N.M. 220, 282 P.2d 705.

The defendant thus added having appeared and alligned itself with defendant, C. R. Scott Oil Company, by adopting the brief filed herein on the merits by said last named defendant, the cause was submitted anew and is now before us for final decision. With the foregoing statement of the past history of the appeal before this court, we shall not repeat the detailed history of the proceeding before the Commission and in the district court but will refer the reader to the report of the case as given above where a recitation of the facts may be found.

It will perhaps conduce to a better understanding of the case, however, to add the proceeding before the Commission was one by C. R. Scott doing business as C. R. Scott Oil Company to haul petroleum and petrole-

um products from points and places to points and places in New Mexico. The certificate prayed having been granted this proceeding was instituted in the district court of Santa Fe County pursuant to 1953 Comp. § 64-27-68, seeking to set aside the order so granting the certificate mentioned. In course of the proceedings, C. R. Scott Oil Company having prayed to be joined as a party defendant in the district court, an order so joining it, or him, was entered. Subsequently, the entire record before the Commission having been brought up, a hearing was had following which the district court filed its findings and conclusions, the material portions whereof are as follows:

"* * *

"3. That the State Corporation Commission, in making its Order, failed to make Findings of Fact upon the issues raised in the proceedings before it.

"4. That the State Corporation Commission, in such order, failed to make appropriate Findings as required by Sec. 68-1308, New Mexico Statutes Annotated, 1941, relative to the adequacy of existing transportation facilities in the territory and between the points named in said Order.

"5. That the State Corporation Commission, in issuing the Certificate of Public Convenience and Necessity simultaneously with the order heretofore mentioned, did so contrary to Sec. 68-1362, New Mexico Statutes Annotated, 1941.

"From the foregoing Findings of Fact, the Court concludes, as matters of law:

"1. That the Court has jurisdiction over the parties and the subject matter.

"2. That the Order of the State Corporation Commission, and the Certificate of Public Convenience and Necessity issued thereunder are unlawful, and should be vacated and set aside for the reasons as set forth in Findings of Fact numbered 3, 4 and 5.

"3. That the ruling of the Court is based upon the legal issues involved, and no finding of fact or conclusion of law is, or can be, made because the issue of law is determinative of the entire proceeding."

Judgment having been entered conformably to the findings and conclusions made, C. R. Scott Oil Company as appellant prosecutes this appeal seeking a reversal of the judgment reviewed and a direction to the district court to hear the cause on its merits.

The defendants (appellants here) first urge upon us error in the trial court's conclusion that the order of the State Corporation Commission in granting an extension of the Scott certificate was a nullity and

void for want of a specific finding that the public convenience and necessity required it. They challenge the trial court's conclusion that the Commission's order was unlawful or unreasonable on two separate grounds.

First, they assert the absence of specific findings does not provide a jurisdictional defect available to defendants. In the second place, they contend, if a specific finding of public convenience and necessity is essential to give the Commission jurisdiction to act, they have one in the recital in its order that the Commission "finds that an extension to certificate of public convenience and necessity No. 885–1, should be issued to said C. R. Scott," etc. Mature consideration of the statute involved and of decisions on the subject compel us to agree with the defendants as to both contentions.

While there is much confusion in the authorities on the subject, Davis on Administrative Law, ch. 13, pages 521–562, we think the better reasoned decisions hold an absence of specific findings does not render void an order granting a certificate such as that here involved. More especially is this true, when there was no request made on the board or commission whose acts are challenged to make specific findings. See Railroad Commission of Alabama v. Alabama Great Southern R. Co., 185 Ala. 354, 64 So. 13, L.R.A.1915D, 98; H. P. Welch

Co. v. State, 89 N.H. 428, 199 A. 886, 120 A.L.R. 282; Rohrer v. Milk Control Board, 322 Pa. 257, 186 A. 336; Chicago & N. W. Ry. Co. v. Verschingel, 197 Minn. 580, 268 N.W. 2, 709; See, also, annotations of the subject at 146 A.L.R. 209, and a law review article at 11 Fordham Law Review, p. 30.

■ If findings, or more adequate findings, by the administrative board or commission be desired, a duty rests on the party complaining of their absence to have made a request for them. Ruud v. Minneapolis St. Ry. Co., 202 Minn. 480, 279 N.W. 224; State v. Tri-State Tel. & Tel. Co., 204 Minn. 516, 284 N.W. 294; Residents of Royalton v. Central Vermont Ry. Co., 100 Vt. 443, 138 A. 782.

In Railroad Commission of Alabama v. Alabama Great Southern R. Co., supra [185 Ala. 354, 64 So. 15], the court said:

"Under the above provision of the Code we presume that the Railroad Commission, before making the above order, informed itself as to the necessities of the situation, and we accept the order as tantamount to a declaration that the reasonable necessities of the traveling public demand a conveniently located union passenger station * * *. In other words, we accept, in the present state of the record, the making of the order by the Railroad Commission, as a finding by the ·

Railroad Commission, that the situation at Bessemer is such as to justify the making of the order. See above subdivision E of this opinion, and the authorities there cited."

Subsection E reads in part as follows:

"E. When a board is created for the purpose of carrying a law into execution, all legal intendments are with the orders of such board, and such orders will be upheld unless their invalidity is shown by those who complain of such orders. The legal presumption is that such orders are reasonable; that they were made upon proper evidence; and that they are valid."

Our own Motor Vehicle Act has in it a section not altogether unlike subsection E of the Alabama opinion in the case just quoted from. We refer to 1953 Comp. § 64-27-70. It reads:

"A substantial compliance by the corporation commission with the requirements of this act shall be sufficient to give effect to all rules, orders, acts and regulations of the said commission, and they shall not be declared inoperative, illegal or void for any omission of a technical nature, in respect thereto."

In Town of Waterbury v. Central Vermont Railway Co., 93 Vt. 461, 108 A. 423, 424, the objection was there were no express findings of jurisdictional facts. The court said:

"The defendant urges that the order is not predicated upon adequate findings of jurisdictional facts, in that it is not shown that the bridge was made for the accommodation, safety, or convenience of public travel on the highway. That all necessary jurisdictional facts must be shown by the record is beyond question. Bessette v. Goddard, 87 Vt. 77, 88 A. 1. But it is not necessary that they appear by express findings. It is enough if they appear by necessary implication from the facts expressly found. Such is the case here. The findings show that there is a highway there; the bridge is spoken of as a 'highway bridge.' * * * From the findings specified it sufficiently and affirmatively appears that this bridge was built and used for the safety and convenience of public travel on the highway there."

The Supreme Court of Minnesota in the case of Chicago N. W. R. Co. v. Verschingel Co., supra [197 Minn. 580, 268 N.W. 3], dealt with a case so much like the case before us and it comes so near to affording an answer to every question arising on the necessity of findings, that we quote somewhat at length from its persuasive opinion, as follows:

"The record does not disclose any application to the commission to make

any other findings of fact than those made; nor was the trial court requested to amend or modify its findings. Chapter 185, Laws 1925 (sections 5015–1 to 5015–19, Mason's Minn.St. 1927 [M.S.A. §§ 221.01–221.16]), placed the motor vehicle transportation for hire within the jurisdiction of the Railroad and Warehouse Commission, hereinafter referred to as the commission. By section 12 thereof (section 5015–12, Mason's Minn.St.1927), chapter 28, Gen.St.1923, and acts amendatory thereof are made applicable to proceedings instituted thereunder before the commission, and removed to the district and Supreme Courts for review. Some of the matters so coming before the commission and before the courts, to review the decisions of the commission, require specific findings of fact. Where the statute specifically calls for findings of fact, the decision, whether of the commission or the district court, cannot stand unless such findings are made. But section 5 (section 5015–5), governing the issuance of the certificates involved in this appeal, merely provides what the written petition for a certificate must state. No contention is here made that the petitions were not in proper form or that all the facts alleged therein were not proven adequately. Section 8 (section 5015–8) provides: 'If the Commission shall find from the evidence that public convenience and necessity require the service proposed, or any part thereof as the Commission shall determine, a certificate therefor shall be issued.' *So the ultimate fact to be found is that public convenience and necessity require the service proposed by the petitioner.* However, the same section provides that in determining whether or not a certificate should be issued the commission should give reasonable consideration 'to the transportation service being furnished by any railroad, and shall give due consideration to the likelihood of the proposed service being permanent and continuous throughout 12 months of the year and the effect which such proposed transportation service may have upon other forms of transportation service which are essential and indispensable to the communities to be affected by such proposed transportation service, and to the traffic already existing upon the route proposed to be traveled and the effect that such proposed service may have upon the existing travel upon said route and the excess cost of maintaining such highway on account of the installation of such additional service, if any.' It is to be noted that no finding is required to be made by the commission as to any of the matters which it is directed to consider.

The reason may well be that the matters to be considered are not susceptible of specific and definite findings." (Emphasis ours.)

Both sides have cited and sought to draw support from our own decisions in Seward v. Denver & R. G. R. Co., 17 N.M. 557, 131 P. 980, 46 L.R.A.,N.S., 242 and Harris v. State Corporation Commission, 46 N.M. 352, 129 P.2d 323. None of these decisions, we think, has spoken decisively on the question before us, and the same may be said of State ex rel. Transcontinental Bus Service v. Carmody, 53 N.M. 367, 208 P.2d 1073, thus leaving us free to decide the question presented as reason and sound principle dictate. As already indicated, these factors persuade us the position taken by the defendants (appellants) has the support of the better reasoned authorities.

Counsel for plaintiffs have urged upon us that certain decisions of the United States Supreme Court, such as State of Florida v. United States, 282 U.S. 194, 51 S.Ct. 119, 75 L.Ed. 291; United States v. Baltimore & Ohio R. R. Co., 293 U.S. 454, 55 S.Ct. 268, 79 L.Ed. 587, and United States v. Chicago, Milwaukee, St. P. & P. R. Co., 294 U.S. 499, 55 S.Ct. 462, 79 L.Ed. 1023, give strong support to their position. We do not deny weight to these decisions as supporting their position. Nevertheless, we think their force is somewhat weakened by another decision of the same court, Atlantic Coastline R. Co. v. State of Florida, 295 U.S. 301, 55 S.Ct. 713, 717, 79 L.Ed. 1451, later in point of time than any of them, wherein the court in citing the three decisions mentioned, after referring to an order in a former case in the same court, said:

"Thereafter the order was adjudged void by a decision of this court (State of Florida v. United States, 282 U.S. 194, 51 S.Ct. 119, 75 L.Ed. 291; cf. United States v. Baltimore & O. R. Co., 293 U.S. 454, 464, 55 S.Ct. 268, 79 L. Ed. 587; United States v. Chicago, M., St. P. & P. R. Co., 294 U.S. 499, 55 S.Ct. 462, 79 L.Ed. 1023, March 4, 1935), but void solely upon the ground that the facts supporting the conclusion were not embodied in the findings. *Void in such a context is the equivalent of voidable.* Toy Toy v. Hopkins, 212 U.S. 542, 548, 29 S.Ct. 416, 53 L. Ed. 644 [646]; Weeks v. Bridgman, 159 U.S. 541, 547, 16 S.Ct. 72, 40 L.Ed. 253 [255]; Ewell v. Daggs, 108 U.S. 143, 148, 149, 2 S.Ct. 408, 27 L.Ed. 682 [684]." (Emphasis ours.)

Counsel on each side have much to say about the case of Wichita R. & Light Co. v. Public Utilities Commission of State of Kansas, 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124, one of the cases relied upon by plaintiffs-appellees and the later case by the Supreme Court of Kansas, Consolidated Flour

Mills Co. v. Kansas Gas & Electric Co., 119 Kan. 47, 237 P. 1037. In the case before United States Supreme Court it was held absence of specific findings made the order void. In the later case, involving the same increase in rates, the Supreme Court of Kansas held, contrary to the decision in the Wichita Company case, that the order was valid. Counsel for each side spend considerable time, the one endeavoring to explain away the force of the second case and the other with as much earnestness trying to convince us they are in irreconcilable conflict, with the later case by the Supreme Court of Kansas having the better support in reason and on principle. As we view the two cases they simply give us a fair example of the confusion prevailing on the subject.

■ Before finishing their argument counsel for the plaintiffs (appellees) apparently see some aid to their position in the language of Rule 1, section 1 of Rules of Procedure promulgated by the Commission and in effect long before this proceeding was initiated and the order complained of entered. The rule reads:

> "Section 1—Rules of procedure to be followed by all parties appearing before the Commission in matters before it regarding the administration of the provisions of the Motor Transportation Laws will, as far as applicable, be the same as the rules of procedure

generally followed by District Courts bearing in mind that the State Corporation Commission is a fact-finding body acting in a semi-judicial capacity. A person, even though not admitted to the New Mexico Bar, may appear before the Commission as counsel for himself or other person or persons. The Commission, however, reserves the right for good cause to prohibit or disqualify any person or persons from appearing before it as counsel."

It is to be noted, as pointed out by opposing counsel in their reply brief, that the assimilation of district court rules in so far as applicable, if extended to District Court Rule 52(b) (1) calling upon the court for findings of fact and conclusions of law, at the same time would bring in subsection (6) of Rule 52(b) providing that a party will waive specific findings and conclusions if he fails to tender specific findings and conclusions. Veale v. Eavenson, 52 N.M. 102, 192 P.2d 312, and State v. Fernandez, 56 N.M. 689, 248 P.2d 679.

■ We are then reminded that there was here no request of any kind for findings before the commission nor the tender of any findings by the plaintiffs. As we view the matter Rule 1, section 1, of the Commission Rules of Procedure, instead of aiding defendants, furnishes support for our conclusion that the absence of specific findings was not fatal. This is so both be-

cause specific findings, if essential, were waived by plaintiffs and for the further reason that a specific finding of the ultimate fact of public convenience and necessity is found in the order. Chicago N. W. R. Co. v. Verschingel Co., supra.

Any additional claims of error are either resolved by the conclusions reached or found to be without merit. It follows from what has been said that the judgment of the district court is reversed and the cause remanded with a direction to said court to set aside its judgment and hear the case on the merits.

It Is So Ordered.

COMPTON, C. J., LUJAN and Mc-GHEE, JJ., concur.

KIKER, J., not participating.

On Motion for Rehearing

The appellees (plaintiffs below) have moved for rehearing, supporting the motion by an exhaustive brief. We have duly considered the motion and the arguments advanced in the brief and are not persuaded that we have erroneously resolved the basic question presented in the opinion on file. One matter, however, does call for some clarification. In closing our opinion we made the statement: "Any additional claims of error are resolved by the conclusions reached or found to be without mer-

it." In its findings and conclusions the trial court incorporated a paragraph reading:

"5. That the State Corporation Commission, in issuing the Certificate of Public Convenience and Necessity simultaneously with the Order heretofore mentioned, did so contrary. to Sec. 68–1362, New Mexico Statutes Annotated, 1941."

Counsel for the appellees argue that if the trial court did not err in making the declaration contained in the foregoing paragraph of its findings, as counsel for the appellants have so ably argued it did as a claim of error in this Court, this finding alone will support the judgment appealed from which vacates and cancels the order of the Corporation Commission. We do not exactly understand the line of reasoning which brings appellants to this conclusion.

Be that as it may, however, what we actually intended by this short statement, quoted above, found near the end of our opinion, was to hold the *Commission* did not err in issuing the Certificate of Public Convenience and Necessity simultaneously with the order challenged. Indeed, 1941 Comp. § 68–1362, 1953 Comp. § 64–27–67, specifically authorizes the Commission to shorten the 20-day period within which its orders shall otherwise become effective. The trial court, rather than the Commission, erred in this particular. Ac-

cordingly, anything said to the contrary in our opinion on file is hereby withdrawn.

The motion for rehearing will be denied.

COMPTON, C. J., and LUJAN and Mc-GHEE, JJ., concur.

KIKER, J., did not participate.