292 P.2d 333

**FERGUSON–STEERE MOTOR COMPANY, a Corporation, and E. B. Law and Son, Inc., a Corporation, Appellants,**

v.

**STATE CORPORATION COMMISSION OF NEW MEXICO, James F. Lamb, Ingram B. Pickett, John Block, Jr., Members of said Commission, and Western Transport, Inc., Appellees.**

No. 6003.

Supreme Court of New Mexico.

Jan. 11, 1956.

See also 60 N.M. 114, 288 P.2d 440.

Robert E. Fox, Robert D. Nordstrom, Donovan N. Hoover, Santa Fe, for appellants.

Jones, Stiff & Briggs, Albuquerque, for C. R. Scott and Western Transport.

Richard H. Robinson, Atty. Gen., Jack A. Smith, Asst. Atty. Gen., for Corp. Comm.

SADLER, Justice.

The question before us for decision on this appeal is whether the appellants (plaintiffs) seasonably applied for an appeal from the order sought to be reviewed.

It will contribute to a clearer understanding of the facts of this case if the reader examine our opinion on the former case of Ferguson-Steere Motor Company v. State Corporation Commission, 59 N.M. 220, 282 P.2d 705. It was between the same parties as those before us on the present appeal, except that Western Transport, Inc., a defendant in the present case has succeeded to the rights of C. R. Scott, doing business as C. R. Scott Oil Company, who was a party to the former cause and appeal. The present plaintiffs who were appellees on the former appeal, were unsuccessful in defending

the judgment rendered in their favor by the trial court and it was reversed and the cause was remanded for further proceedings.

While the cause out of which the appeal in above mentioned case arose was still pending in the district court of Santa Fe County and prior to the determination by us of the appeal from the judgment rendered therein, the State Corporation Commission, a defendant in both the former and the present case, unknown to the other defendants herein, entered an order under its Docket No. 2645, under date of November 12, 1953. This order reinstated the authority held by C. R. Scott, doing business as C. R. Scott Oil Company under Certificate of Public Convenience and Necessity No. 885–1, prior to the Commission's order dated May 14, 1951, which had substantially altered and limited the scope of the earlier order. This change, it is said, was made on the Commission's own motion and without notice or hearing. The above mentioned Certificate No. 885–1 was involved in the former case reviewed by us on the appeal mentioned.

On November 19, 1952, the defendant Commission also entered a further order relating to the Scott authority, likewise without notice or a public hearing and upon its own motion, it is said, effecting the transfer of the authority then held by Scott under the same Certificate No. 885–1 to the defendant, Western Transport, Inc. From the orders entered by defendant Commission on November 12, 1953, and on November 19, 1953, plaintiffs filed their complaint in the district court of Santa Fe County seeking to set aside and vacate both of said orders on the grounds of unreasonableness and unlawfulness.

The appellees (defendants) by motion and answer challenged sufficiency of the complaint to state facts upon which relief could be granted. Thereafter, on August 11, 1954, the court entered its order sustaining the motion, reading as follows:

"Order

"This matter coming on to be heard August 2, 1954 upon the motion of defendant C. R. Scott to dismiss the complaint heretofore filed herein for failure to state a claim upon which relief could be granted, in which motion defendant Western Transport, Inc., joined, the plaintiffs appearing by their attorneys Donovan N. Hoover and H. A. Kiker, and the defendant C. R. Scott appearing by his attorney William C. Briggs, and the defendant Western Transport, Inc., appearing by his attorneys Jason W. Kellahin and M. W. Hamilton and defendant State Corporation Commission of New Mexico making. no appearance.

"And the Court having heard the argument of Counsel, and being fully advised in the premises, finds that the motion to dismiss the complaint filed

herein for failure to state a claim upon which relief could be granted should be, and the same hereby is granted, and the complaint filed herein is hereby ordered dismissed.

sgd.   David W. Carmody

District Judge"

On September 1, 1954, the plaintiffs (appellants) filed a motion asking the trial court to set aside its order aforesaid dismissing plaintiffs' complaint, stating various grounds concerned primarily with a claimed misunderstanding and misapprehension touching the record of proceedings before State Corporation Commission. Subsequently, and on March 5, 1955, the attorneys for the defendant Scott filed a motion in the cause, seeking to have made a part of the record in said cause, a certain order of State Corporation Commission, dated May 14, 1951, canceling Certificate No. 885–1, held by C. R. Scott, dated August 1, 1947, of which order the defendants had no knowledge when their motion to dismiss was presented and sustained. In addition the motion sought to have made a part of the record in the cause the application of defendant, C. R. Scott, d/b/a Scott Oil Co., filed with State Corporation Commission, it having been assumed until this time said application was already a part of the record. Copies of the order mentioned and the application were attached to the motion.

On April 7, 1955, the trial court signed and filed an order in the cause granting the motion last mentioned in so far as it related to the order of State Corporation Commission, dated May 14, 1951, making said order a part of the record and denying the motion in so far as it asked that the application mentioned in the motion be made a part of the record.

On April 12, 1955, there came on for hearing before the court the motion filed by plaintiffs on September 1, 1954, to set aside the order dismissing their complaint, as aforesaid, and to grant them a further hearing on the motion to dismiss. After argument and consideration of the motion, the court entered an order denying the motion upon conclusion of the hearing.

Two days later, April 14, 1955, the court granted a motion for an appeal to the Supreme Court from the order of August 11, 1954, dismissing the plaintiffs' complaint and the order of April 12, 1955, declining to set aside the order of dismissal.

The foregoing order allowing an appeal to the Supreme Court was followed on April 21, 1955, by a motion filed by all defendants in the case asking the court to set aside the order granting an appeal to the Supreme Court, as aforesaid, upon the following ground, to-wit:

"That neither the motion for allowance of appeal from the order of this

Court entered August 11, 1954 dismissing plaintiffs' complaint nor the motion for allowance for appeal from the order of this Court entered on April 12, 1955 denying plaintiffs' motion to set aside said order dismissing plaintiffs' complaint were timely filed."

After hearing and consideration by the court and on May 4, 1955, an order was entered granting said motion, reading as follows:

\*   \*   \*   \*   \*   \*

"And the Court considering the order of August 11, 1954, as a final judgment, and the order of April 12, 1955, as being an order denying a motion for a rehearing;

"And it appearing to the Court that the motion filed by the defendants herein on the 5th day of March, 1955, was not signed by the attorney for the defendant State Corporation Commission of New Mexico; that the attorney for said defendant was present in Court at the time said motion was presented and argued, but did not participate in the argument or presentation thereof or present any objection thereto; that said attorney has stated in open court that he does not have in his file a copy of said motion or of the order entered therein;

"And it appearing to the Court that the motion for appeal from said order of August 11, 1954, was not timely filed and that said order of April 12, 1955, is not an appealable order;

"And the Court having considered the same, and having heard the argument of counsel, and being now fully advised in the premises, and good cause appearing therefor,

"Now, Therefore, It Is Ordered

"1. That defendants' Motion to vacate and set aside the order allowing an appeal herein be, and the same hereby is granted in all respects.

"2. That the order of this Court entered the 14th day of April, 1955, allowing an appeal in this case be, and the same hereby is vacated and set aside.

"To all of which the plaintiffs except.

"Done in open Court.

      sgd.  David W. Carmody
                District Judge"

The plaintiffs below, as appellants here, duly prosecuted an appeal from the foregoing order and the issue to be determined on said appeal is whether the order of August 11, 1954, dismissing the plaintiffs' complaint was so neutralized by the labyrinth of motions and counter motions filed by the respective parties as to render the same innocuous as dating the time within which an appeal therefrom should have been prosecuted to review the propriety of the order.

There can be not the slightest doubt but that the order dismissing the complaint filed by plaintiffs is, on its face, a final order. Indeed, the appellants-plaintiffs virtually concede as much. Then, upon what ground are they able to base an argument that, if reviewable, an appeal should not have been prosecuted therefrom within the time provided by law? It arises on a claim made by counsel that the order of April 7, 1955, allowing an enlargement of the record so as to show an order entered by the defendant State Corporation Commission of which defendants had no knowledge, in effect, so modified the order of dismissal as to nullify it.

This order of the Commission was one canceling Certificate of Public Convenience and Necessity No. 885-1, held by defendant C. R. Scott and was based on an allegation in the motion filed by defendants that the order was essential as a part of the record in said cause. The court granted the motion as to the order mentioned but denied it as to the application of C. R. Scott on file with State Corporation Commission.

■ The motion for the order just mentioned certainly contained no prayer for a modification of the order dismissing the complaint. The order entered on the motion in no manner changed the status of the parties. It left the order of August 11, 1954, unimpaired as a dismissal of the complaint, not only as to the two defendants formally joining in the motion but as to all defendants. Rather than seeming, in any sense, a motion to amend the order of dismissal, from its tenor it would appear to be an effort to complete the record for any possible review on appeal of the order of dismissal, that might later be prosecuted.

■ The effort of counsel for appellants to read from the maze of motions filed in this case any rescission or nullification of the order dismissing the complaint filed herein must meet with failure. The order dismissing was entered on August 11, 1954. The purported appeal therefrom was not taken until April 14, 1955, more than seven (7) months thereafter. When this fact was called to the attention of the trial court, it entered the only order appropriate to the improvident appeal allowed and set it aside as one which should never have been granted in the first instance.

Counsel for both plaintiffs and defendants, it seems to us, seek to play fast and loose with the missing signature of the attorney for State Corporation Commission from the motion filed March 5, 1955, asking for the inclusion of two exhibits attached thereto as part of the record. Each side first views the order thereon as if the signature did appear, "blowing hot," and, then, "blowing cold," each sees the order based on the motion as not binding on State Corporation Commission.

470

Actually, the trial court and, properly, we think, considered and treated the motion as though signed for all parties, the omission of the signature of the Commission's attorney being looked upon as a mere clerical oversight. The trial court's order of May 4, 1955, calls attention to absence of this signature to the motion of March 5, 1955, but commenting at same time on presence of the Commission's attorney in court when the motion was argued and of his presenting no objection thereto. Unquestionably, at the time, it was treated by the court and all parties as if the Commission had signed and it will be so treated by us. Butler Paper Co. v. Sydney, 47 N.M. 463, 144 P.2d 170; Schreiber v. Baca, 58 N.M. 766, 276 P.2d 902.

Since the time within which an appeal from the order dismissing plaintiffs' complaint had long since expired when they sought an appeal therefrom, the trial court erred in allowing an appeal. It acted properly when it entered its order vacating the allowance of an appeal, thus correcting its own error. Accordingly, its judgment so entered should stand affirmed.

It will be so ordered.

COMPTON, C. J., and LUJAN and McGHEE, JJ., concur.

KIKER, J., having recused himself, did not participate.