306 P.2d 637

**FERGUSON–STEERE MOTOR COMPANY** a corporation, and E. B. Law and Son, Inc., a corporation, Plaintiffs-Appellees,

v.

**STATE CORPORATION COMMISSION of** New Mexico, John Block, Jr., James F. Lamb and Ingram B. Pickett, Members of said Commission; and C. R. Scott d/b/a C. R. Scott Oil Company, Defendants-Appellants.

No. 6158.

Supreme Court of New Mexico.

Jan. 23, 1957.

Richard H. Robinson, Atty. Gen., for appellant Corporation Commission.

Jones, Stiff & Briggs, Albuquerque, for appellant C. R. Scott and Western Transport, Inc.

Robert E. Fox, Santa Fe, for appellee Ferguson-Steere Motor Co.

Donovan N. Hoover, Santa Fe, for appellee E. B. Law & Son, Inc.

COMPTON, Justice.

This is an appeal from a judgment setting aside an order of the State Corporation Commission, dated May 14, 1951, extending the certificate of public convenience and necessity theretofore issued to C. R. Scott, d/b/a C. R. Scott Oil Company, to transport petroleum and petroleum products in New Mexico. The case, since its inception, has taken a circuitous route, finally reaching us on the merits. See Ferguson-Steere Motor Co. v. State Corporation Commission, 59 N.M. 220, 282 P.2d 705; Ferguson-Steere Motor Co. v. State Corporation Commission, 60 N.M. 114, 288 P.2d 440; Ferguson-Steere Motor Co. v. State Corporation Commission, 60 N.M. 464, 292 P.2d 333.

The order vacated by the court reads:

"It Appearing that Certificate of Public Convenience and Necessity No. 885–1, C. R. Scott, dba C. R. Scott Oil Company, authorizes the following operations:

"Hauling of casinghead gasoline from points in Eddy and Lea Counties, New Mexico to Artesia, New Mexico, not in competition in whole or in part with common carriers and, hauling of bulk petroleum products between Eddy, Lea and Chaves Counties and De Baca, Lincoln, Roosevelt, Curry, Quay, San Miguel, Harding, Colfax, Union, Mora, Guadalupe, Taos, Torrance, Otero, Socorro, Valencia, Bernalillo, Sandoval, Santa Fe, Rio Arriba, San Juan and McKinley Counties via U. S., State and County Highways, over irregular routes, under non-scheduled service.

"It Further Appearing that hearing was held for extension of operations under Docket No. 2645, December 5, 1950, and was granted as follows:

"Transportation of petroleum and petroleum products, in bulk, in tank trucks, from points and places in New Mexico to points and places in New Mexico, over irregular routes, under non-scheduled service. No transportation of crude oil or water is authorized to or from any point in New Mexico.

"The New Mexico State Corporation Commission, on its own motion, in order that no repetition of authority be shown, Hereby Orders that Certificate of Public Convenience and Necessity No. 885–1, C. R. Scott, dba C. R. Scott Oil Company, dated August 1, 1947, with all endorsements thereon, be, and it is hereby cancelled, and, It Is Further Ordered that a new Certificate of Public Convenience and Necessity bearing No. 885–1 be issued to C. R. Scott, dba C. R. Scott Oil Company, 5230 North 4th Street, Albuquerque, New Mexico, authorizing the following operations:

"Transportation of petroleum and petroleum products, in bulk, in tank trucks, from points and places in New Mexico to points and places in New Mexico, over irregular routes, under non-scheduled service. No transportation of crude oil or water is authorized to or from any point in New Mexico."

Clearly, the Scott Oil Company, under the original certificate, dated August 1, 1947, was permitted to operate in some 22 counties only. The effect of the order under consideration was to extend its field of operation state-wide. Upon filing the application for such additional authority, protests were lodged by appellees and the Atchison, Topeka, and Sana Fe Railway Company. Thereupon a hearing was had, and following which the Commission found that the extension should be granted and entered the foregoing order. Subsequently, appellees brought this action to vacate the order and certificate. The trial court found and concluded that the order granting the extension

146

was unreasonable and unlawful because it was not supported by substantial evidence. Judgment was entered accordingly and the Commission appeals. Upon motion, C. R. Scott, d/b/a Scott Oil Company and Western Transport, Inc., parties in interest, were permitted to join the appeal.

■ In reviewing decisions of an administrative body, the trial court is governed by the substantial evidence rule, that is, whether the findings of the administrative body are supported by substantial evidence. Harris v. State Corporation Commission, 46 N.M. 352, 129 P.2d 323; New Mexico Transp. Co. v. State Corporation Commission, 51 N.M. 59, 178 P.2d 580; Transcontinental Bus System v. State Corporation Commission, 56 N.M. 158, 241 P.2d 829; Transcontinental Bus System v. State Corporation Commission, 61 N.M. 369, 300 P.2d 948.

■ The burden was on appellants to establish by the evidence, not only a public need for additional services, state-wide, but the inadequacy of existing services in the territory for which the certificate was sought. Section 64–27–8, 1953 Compilation. In this regard, we think the appellants failed to sustain this burden. Perhaps the evidence was sufficient as to the need for additional services in a portion of the area sought to be served but the record is void of substantial evidence touching the inade-

quacy of existing transportation in at least 6 of the remaining counties of the state. As to these 6 counties, the order is unreasonable and unlawful. Harris v. State Corporation Commission, supra. That the evidence may have warranted the granting of additional service, less than state-wide, is outside the scope of inquiry, since the order cannot be remanded for modification or alteration. It must stand or fall on the record made before the Commission. State ex rel. Transcontinental Bus Service v. Carmody, 53 N.M. 367, 208 P.2d 1073; Transcontinental Bus System v. State Corporation Commission, supra; Leaman Transp. Corp. v. Pennsylvania Public Utility Commission, 153 Pa.Super. 303, 33 A.2d 721; Modern Transfer Co. v. Pennsylvania Public Utility Commission, 179 Pa.Super. 46, 115 A.2d 887.

Appellants strongly assert that the verified application, as supported by exhibits, the testimony of the applicant Scott and dence of the inadequacy of existing transportation facilities, state-wide. The exhibits mentioned are "H" and "I", statements of Scott, attached to the application. Appellees, however, contend these are not admissible, not having been offered in evidence. Assuming their admissibility without deciding the question, the verified application, exhibits, and the testimony of the witnesses have been examined, yet, when viewed in a light most favorable to the ap-

plicant, we cannot escape the conclusion the claimed evidence offers no substantial support to the decision of the Commission. Exhibit "H" is to the effect that the "applicant is not aware of any person, firm, or corporation now owning or holding a Certificate of Public Convenience and Necessity for state-wide authority", and that certain named persons, firms, and corporations, 5 in number, now serving different areas of the state, are not authorized to render state-wide service. Exhibit "I" merely points up the existing need for additional service from San Juan, Chaves and other oil-producing counties in southeastern New Mexico to other sections of the state. The testimony of the two witnesses highlights the need for additional service, but "it does not follow from evidence of need for additional service between specific points that existing transportation facilities are inadequate between all points within an area or that inadequacy exists in adjacent territory as to which there is no evidence." Leaman Transp. Corp. v. Pennsylvania Public Utility Commission, supra [153 Pa.Super. 303, 33 A.2d 723].

The judgment will be affirmed, and it is so ordered.

LUJAN, C. J., and SADLER and McGhee, JJ., concur.

KIKER, J., not participating.