324 P.2d 1023

**NATIONAL TRAILER CONVOY, Inc., a corporation, Plaintiff and Appellant,**

v.

**STATE CORPORATION COMMISSION of New Mexico, and John Block, Jr., James F. Lamb and Ingram B. Pickett, Members of said Commission, Defendants and Appellees,**

**Mobil Home Supply Company, a copartnership, Intervenor and Appellee.**

**No. 6363.**

Supreme Court of New Mexico.

April 30, 1958.

98

O. Russell Jones, Jack Smith, Santa Fe, for appellant.

Fred M. Standley, Atty. Gen., Joel B. Burr, Jr., Asst. Atty. Gen., for defendants-appellees.

Tansey & Rosebrough, Farmington, for intervenor-appellee.

McGHEE, Justice.

This is an appeal from a judgment of the District Court refusing to direct the cancellation of a certificate of public convenience and necessity granted to the intervenor by the State Corporation Commission authorizing the transportation of trailer houses by towing between points and places in San Juan county, and from points and places in San Juan county to points and places in New Mexico and vice versa.

The appellant is the holder of a certificate authorizing it to furnish the same service between all points in New Mexico, and it protested the granting of a certificate to the appellee on the ground it was furnishing adequate service, and there was no need for an additional carrier. Its entire attack here is on the sufficiency of the evidence before the commission to sustain its action in granting the certificate.

Practically all of the evidence introduced by the applicant appellee was based on the claimed need for service in the San Juan basin in addition to that furnished by protestant from its Albuquerque terminal; that because of the oil and gas activities, with its allied industries, a great many people lived in trailer houses in the basin; that they frequently had to move their trailers in order to be near their work, often on short notice, and that a great many also moved from trailer court to trailer court in the Farmington and Bloomfield areas. Testimony was also given there was need for service to and from

Hobbs and Roswell, but there is no evidence brought to our attention or that we can find in the record showing a need for additional service to other parts of New Mexico, yet we have a permit or certificate issued for the towing of trailers between all points and places in the state and back again.

■ The record is probably sufficient, scanty as it is to show the need for local service in San Juan and Rio Arriba counties, but it is wholly insufficient to cover the entire state.

We had much the same situation in Ferguson-Steere Motor Co. v. State Corporation Commission, 62 N.M. 143, 306 P.2d 637, 639, where a certificate covered a few counties and was enlarged over protest of another permit carrier to cover the entire state when there was no testimony whatever showing the need for additional carrier facilities in six counties. Speaking through Mr. Justice Compton we said:

"The burden was on appellants to establish by the evidence, not only a public need for additional services, state-wide, but the inadequacy of existing services in the territory for which the certificate was sought. Section 64–27–8, 1953 Compilation. In this regard, we think the appellants failed to sustain this burden. Perhaps the evidence was sufficient as to the need for additional services in a

portion of the area sought to be served but the record is void of substantial evidence touching the inadequacy of existing transportation in at least 6 of the remaining counties of the state. As to these 6 counties, the order is unreasonable and unlawful. Harris v. State Corporation Commission, 46 N. M. 352, 129 P.2d 323, supra. That the evidence may have warranted the granting of additional service, less than state-wide, is outside the scope of inquiry, since the order cannot be remanded for modification or alteration. It must stand or fall on the record made before the Commission. State ex rel. Transcontinental Bus Service v. Carmody, 53 N.M. 367, 208 P.2d 1073; Transcontinental Bus System v. State Corporation Commission, 56 N. M. 158, 241 P.2d 829, supra; Leaman Transp. Corp. v. Pennsylvania Public Utility Commission, 153 Pa.Super. 303, 33 A.2d 721; Modern Transfer Co. v. Pennsylvania Public Utility Commission, 179 Pa.Super. 46, 115 A.2d 887."

■ So it is here. The certificate covers entirely too much territory, and we can not approve it in part and disapprove in part. It must stand or fall as it is written as stated in the cases set out in the preceding paragraph.

The judgment of the lower court is reversed and the cause remanded with in-

100

structions to direct the cancellation of the certificate. The appellant will recover its costs from the intervenor.

It is so ordered.

LUJAN, C. J., and SADLER and COMPTON, JJ., concur.