639. BROWN *et al. v.* PICKETT.

HILL, C. J. A suit on account was brought in a justice's court by a partnership, and a judgment was rendered by the justice in favor of the partnership for a part of the account. *Held,* that an appeal from this judgment to a jury in the said court, entered by one of the partners in his individual name, with an appeal bond executed in the name of the appellant partner, should have been dismissed. Section 4460, and not section 4461, of the Civil Code is applicable to the facts of this case.

*Judgment affirmed.*

Certiorari, from Paulding superior court—Judge Edwards. June 3, 1907.

Submitted November 12, 1907.—Decided February 11, 1908.

*F. M. Richards,* for plaintiffs.   *J. J. Northcutt,* for defendant.

---

648. CROCKETT BROTHERS *et al. v.* SIBLEY *et al.,* executors.

HILL, C. J. 1. In a suit to recover damages for wilful trespass in cutting timber, where the trespass was not denied, but was claimed to have been unintentional, section 3918 of the Civil Code, giving the measure of damages applicable to the two classes of trespass, was properly given in charge.

2. Where a wilful trespass is committed by an agent, and there is evidence that it was either commanded or assented to by the principal, section 3031 of the Civil Code, on the ratification of torts, is applicable to the issues. It was not error for the court, in giving in charge to the jury the language of this section, to add, after the words "by his command or assented to by him," the words "or ratifies it." A tort for one's benefit may be ratified, the ratifier becoming liable as if he had commanded it. Civil Code, § 3820.

3. Where a trespass committed by an agent for his principal is not denied, but is claimed to have been unintentional, it is proper to instruct the jury, on this issue, that "the principal is bound for the care, diligence and fidelity of his agent in his business." Civil Code, § 3029.

4. Where the fact of trespass is admitted, it is not material error to admit hearsay testimony as to the location of the landmarks of the land lot upon which the trespass was committed.

5. There being conflict in the evidence as to the value of the timber cut, as well as in regard to whether the cutting was wilful or unintentional, this court can not interfere with the verdict approved by the trial judge.

*Judgment affirmed.*

Action of trespass, from city court of Polk county—Judge Irwin. June 6, 1907.

Submitted November 12, 1907—Decided February 11, 1908.

*Mundy & Mundy,* for plaintiffs in error.   *John K. Davis,* contra.