[No. 3270.   Dec. 31, 1927.]

MILLER v. OSKINS.

[263 Pac. 764.]

See, also 263 P. 766.

Chas. B. Barker and C. J. Roberts, both of Santa Fe, for appellants.

E. P. Davies, of Santa Fe, for appellee.

OPINION OF THE COURT

PARKER, C. J. Appellee George Miller brought a suit in the justice of the peace court of precinct 18, Santa Fe county, against Hobart Oskins. The proceedings there had resulted in a judgment against Hobart Oskins. Oskins appealed to the district court of the First judicial district, Santa Fe county, and gave an appeal bond executed by himself as principal and by J. M. Oskins, John Zimmerman, and Fred Muller as sureties. On March 3, 1927, the district court affirmed the judgment rendered by the justice of the peace, and rendered judgment against Hobart Oskins and the three sureties on the appeal bond, in compliance with section 3237, N. M. 1915 Codification. On April 21, 1927, the three sureties filed a motion in said cause to recall execution and set aside the judgment for various irregularities, lack of jurisdiction, and other reasons therein alleged. On May 11, 1927, the district court made an order overruling said motion, and appeal to the Supreme Court was granted to said movents. The transcript was filed in this court on June 13, 1927. On October 17, 1927, the appellee filed a motion in this court to dismiss the appeal specifying as grounds that appellants have no right to prosecute this appeal; that Hobart Oskins, the defendant in the trial court, is a necessary and indispensable party to the appeal; that the appellants in this cause had no right to file their said "motion to recall execution and to set aside judgment" in the district court; that this court has no jurisdiction over said cause or over the subject-matter thereof.

On October 29, 1927, Hobart Oskins filed a motion in this court for leave to become a party upon appeal.

Three propositions are presented for our consideration in disposing of these motions.

(1) Have appellants a right of appeal from the order of the district court of May 11, 1927?

(2)   Should Hobart Oskins' motion asking leave to become a party upon appeal be granted or denied?

(3)   If said motion be denied, is Hobart Oskins a necessary or indispensable party to this appeal?

■   It appears from the record and it is contended in the briefs of all parties, that the appeal to this court was granted from the final order overruling the motion of J. M. Oskins, John Zimmerman, and Fred Muller to recall execution and set aside judgment, and not from the judgment itself.

The judgment of the district court affirmed the judgment of the justice of the peace and gave judgment against Hobart Oskins and the sureties on the bond, in compliance with the provisions of section 3237, N. M. 1915 Codification, which reads as follows:

"In all cases of appeal from a justice's court if the judgment of the justice be affirmed, or if on the trial anew in the district court judgment be against the appellant, such judgment shall be rendered against him and his sureties on appeal bond."

The sureties were in no sense parties to the suit in the justice of the peace court, nor in the district court, until a judgment was rendered against them in compliance with the statute. The judgment in the district court is more than an affirmance of the judgment of the justice of the peace. It is a new judgment in so far as it relates to the sureties, but they had no opportunity to defend against the rendering of same. Such judgment might be erroneous, irregular, excessive, voidable, void, or even rendered by a court having no jurisdiction. The sureties can only attack such a judgment after it is rendered. They are entitled to their day in court if they wish to attack the judgment. This they did at the first opportunity by motion to recall execution and set aside judgment, alleging as grounds that it was irregularly entered and entered without jurisdiction. This motion was "overruled and denied" by the district court May 11, 1927, and appeal granted in the same order.

The latter portion of section 2, c. 43, Laws of 1917, known as the Appellate Procedure Act, provides:

"Appeals shall also be allowed to the district court, and entertained by the supreme court, * * * from all final orders affecting a substantial right made after the entry of final judgment."

The order of the district court of May 11, 1927, was a final order affecting the substantial right of the sureties and was made after entry of a final judgment. The statute above quoted therefore specifically gives the right of appeal therefrom, and this court has jurisdiction to hear and determine said appeal.

■ We must next consider the motion of Hobart Oskins filed in this court on October 29, 1927, for leave to become a party upon appeal. The final order appealed from was dated May 11, 1927. The appeal was taken under section 2, c. 43, Laws 1917, which requires that application for allowance of appeal must be made within 20 days from the entry of the order appealed from.

The last paragraph in section 2, Id., reads as follows:

"Application for allowance of appeal under the provisions of this section must be made within 20 days from the entry of the judgment, order, decision or conviction appealed from."

The last day Hobart Oskins could have applied for such appeal was May 31, 1927. The motion was filed by him in the Supreme Court for leave to become a party upon appeal nearly five months later.

In the case of Clark v. Rosenwald et al., 30 N. M. 175, 230 P. 378, upon which both appellants and appellee rely in their briefs, this court directly construed chapter 43, Laws 1917, upon a similar ·motion and involving the identical question here presented. The material portion of said ·decisions is as follows:

"As to parties omitted in the original appeal, the proceeding is an entirely new appeal, and proper steps must be taken to bring such parties before the appellate court within the time allowed by law for appeal, as otherwise the statute limiting the time within which an appeal may be taken would be nullified."

The motion of Hobart Oskins for leave to become party to the appeal must be overruled.

■ The only remaining question is whether Hobart Oskins is a necessary or indispensable party to this appeal.

It is not the final judgment from which appeal is taken, but the order overruling the motion of the sureties which had for its object the recalling of the execution and the setting aside of the judgment. Hobart Oskins was not a party to this motion, nor were any of his substantial rights affected by that order.

The general rule as to necessary parties upon appeal has been referred to by appellee in his brief and will be found in 3 Corpus Juris, "Appeal and Error," § 951, and is as follows:

"The general rule with regard to parties is that every party to the record who may be directly affected in his interests or rights by a judgment on appeal or writ of error is entitled .to be named or described in the application or writ so as to be made a party thereto, and to have notice thereof and an opportunity of being heard and of defending his rights. All parties to the record who are interested in maintaining the judgment or decree must, as a rule, be made parties to the appeal or proceeding in error, either as appellants or plaintiffs in error, or as appellees, respondents, or defendants in error, as must also those whose rights will necessarily be affected by any modification or reversal of the judgment or decree appealed from. But in most jurisdictions the rule does not apply to persons who are not parties to the action, proceeding, or judgment or to persons who, even though they may have been parties below, have no interest in the appeal or proceeding in error and who will not be affected thereby. While the general rule is that all parties to the record should be made parties to an appeal, the question is one for the final determination of the appellate court.

"It has been laid down as a general rule in numerous cases that parties who have suffered a default need not be made parties to an appeal, but statutes and special circumstances sometimes require this to be done."

This rule has been followed and applied by this court in proper cases. Miller v. Klasner, 19 N. M. 21, 140 P. 1107; Walrath v. County Commissioners, 18 N. M. 101, 134 P. 204.

There can be no doubt as to the soundness of the foregoing rule when applied to a proper case, but it does not apply to this case. The appellee whose rights might have been affected by the motion and order appealed from was before the district court and participated therein and is before this court as appellee. The rule it would seem has been complied with in so far as appellee is concerned.

Were this an appeal from the final judgment, then the rule might have some application to Hobart Oskins, but we are dealing with a statute which specifically gives the right of appeal to any person whose substantial rights are affected by an order entered after final judgment. The only persons whose substantial rights were affected by such order were the sureties, the appellants in this court, and the plaintiff, the appellee in this court. It is evident therefore that Hobart Oskins is not a necessary or indispensable party to this appeal.

Appellee has suggested other matters which properly go to the merits of the appeal. While we might, no doubt, at this time, examine the record for the purpose of deciding the questions raised, this court has held it better practice and more convenient for the court to determine such matters when the appeal is submitted upon merits and the questions briefed by both parties. Christian v. Lockhart, 30 N. M. 484, 239 P. 285.

The motion of Hobart Oskins for leave to become a party to this appeal is denied, and the motion of appellee to dismiss the appeal is denied, and it is so ordered.

BICKLEY and WATSON, JJ., concur.