37177. MOBLEY *et al.* v. CITY OF THOMASVILLE *et al.*

Decided July 8, 1958.

A. J. *Whitehurst*, for plaintiffs in error.

*Alexander, Vann & Lilly, Sol Altman*, contra.

FELTON, Chief Judge. 1. The court erred in sustaining the first demurrer for the reason that the sole statutory requirement that notice of the appeal be given to the secretary of the board of adjustment was met. Ga. L. 1946, pp. 191, 198 (Code, Ann., § 69-828).

2. The court erred in sustaining the second demurrer for the reason that the appeal does state particulars which are alleged

to be incorrect as a matter of law. The law does not require the appeal to embody the proceedings before the board of adjustment and such proceedings are not a part of the appeal and subject to demurrer. The record is sent to the superior court by the board of adjustment for consideration by the court. *Ledbetter* v. *Roberts*, 95 *Ga. App.* 652 (98 S. E. 2d 654).

3. The court erred in sustaining the third demurrer for the reason that the appeal does not show on its face that the appellants assign error on findings from conflicting evidence.

4. The court erred in sustaining the fourth demurrer for the reason stated in the foregoing division.

5. The court erred in sustaining the fifth demurrer for the reason that the object of an appeal in such cases is to test the legality of the findings of the board of adjustment which can only be determined by testing whether the evidence before the board of adjustment authorized its findings. If, as urged by the demurrer, there is a presumption that the board acted legally, an appeal would be useless.

6. The court erred in sustaining the sixth demurrer for the reason the same does no more than show the interest of appellants and their right to appeal.

7. The court erred in sustaining the demurrer to subparagraph (a) of paragraph 7 of the appeal for the reason that the allegations do not show as a matter of law that the ultimate fact alleged is not true.

8. The court erred in sustaining the demurrer to subparagraph (b) of the appeal for the reason that the subparagraph states a good cause in that the board of adjustment had no authority to change the name of the applicants and grant a right to parties not a party to the case appealed. While the cases are not directly in point, see *Brown* v. *Pickett*, 3 *Ga. App.* 554 (60 S. E. 293); *Kline* v. *Swift Specific Co.*, 118 *Ga.* 514 (45 S. E. 314).

9. The court erred in sustaining the demurrer to subparagraph (c) of the appeal for the reason that the appeal does not show on its face that the allegations in this subparagraph are not true. The record sent up by the board of adjustment must be examined by the superior court to ascertain whether this subparagraph is true. As stated before, the record is not a part of

the appeal, and the appellants are not required to embody it in the appeal.

10. The same conclusion is required as to the demurrer to subparagraphs (d), (e), (f), (g), (h) and (i) as is stated in division 9, as to the particular grounds of demurrer. Subparagraph (g) might be subject to demurrer for another reason.

11. As to subsection J, if the record does not show that the City of Thomasville received notice through its clerk of the appeal to the board or that it waived notice, the board would be without jurisdiction to consider the case. *Ledbetter* v. *Roberts*, 95 *Ga. App.* 652, supra.

The contention that a funeral home is an office building for professional use and that the zoning ordinance authorized what was done without the necessity of a variance is without merit. A funeral home is not an office building.

The court erred in sustaining the demurrers to the appeal.

*Judgment reversed. Quillian and Nichols, JJ., concur.*