660 P.2d 595

**John A. MITCHELL, Petitioner-Appellant,**

v.

**CITY OF SANTA FE, Respondent-Appellee,**

and

**Garcia Partnership, et al., Intervenors-Appellees.**

**No. 14204.**

Supreme Court of New Mexico.

March 22, 1983.

John A. Mitchell, pro se.

Sutin, Thayer & Browne, P.C., Donald M. Salazar, Santa Fe, for intervenor-appellee, Garcia Partnership.

Montgomery & Andrews, P.A., Jeffrey R. Brannen, Santa Fe, for intervenor-appellee, Independent Southwest Services, Ltd.

Frank R. Coppler, Santa Fe, for respondent-appellee.

## OPINION

GEORGE H. PEREZ, District Judge.

John Mitchell, a resident and property owner in Santa Fe, brought an action in district court to obtain judicial review of certain decisions of the City Council enforcing decisions of the Historical Styles Committee of the Planning Commission of Santa Fe. Garcia Partnership and Independent Southwest Services, Ltd. were allowed to intervene, and they joined the City of Santa Fe in a motion to dismiss. The district court dismissed Mitchell's Petition of Appeal, and Mitchell appeals to this Court.

We discuss one issue: whether the district court had jurisdiction to hear this matter.

The relevant facts are as follows. The City Council of the City of Santa Fe, sitting as zoning authority, approved the applications of Garcia Partnership and Independent Southwest Services, Ltd. to construct condominium units within the "Historical District" of the City of Santa Fe. This decision by the City Council reversed the decision of the Santa Fe City Planning Commission, which had reversed the prior favorable decision of the Historical Styles Committee, a subcommittee of the Planning Commission. Thirty days after the City Council's decision, Mitchell filed with the district court clerk a "Petition of Appeal and to Vacate and Set Aside a Determination of the Governing Body of the City of Santa Fe" (Petition of Appeal). The Petition of Appeal alleged that building permits or approvals should not be issued or granted upon certain challenged decisions affecting Mitchell's property. Mitchell challenged the decisions as improper and illegal under the City's zoning ordinances.

The City moved to dismiss Mitchell's petition, asserting that Mitchell failed to seek an appropriate form of judicial review, namely a writ of certiorari. *See* § 3–21–9, N.M.S.A.1978. Additionally, the City asserted that Mitchell's Petition of Appeal

was insufficient to support a writ of certiorari. The motion to dismiss also alleged that because Mitchell's Petition of Appeal did not seek a writ of certiorari, such petition was not timely filed and the district court was without jurisdiction to entertain such a petition. Finally, the City maintained that appellant was not a "person aggrieved" and lacked standing to obtain judicial review of the City's challenged actions.

Garcia Partnership and Independent Southwest Services, Ltd. (Developers) moved to intervene on the grounds that their interests were distinct from the City's and would not be adequately represented by the City. The motion was granted, and the Developers moved to dismiss Mitchell's petition on the same grounds as set forth in the City's motion. The Developers adopted by reference the City's motion and memorandum brief. The court granted the motion to dismiss for failure to comply with the certiorari requirement of Section 3–21–9.

Section 3–21–9 states in relevant part as follows:

A. Any person aggrieved by a decision of the zoning authority, or any officer, department, board or bureau of the zoning authority may present to the district court a petition, duly verified, setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality. The petition shall be presented to the court within thirty days after the decision is entered in the records of the clerk of the zoning authority.

B. Upon presentation of the petition, the court may allow a writ of certiorari directed to the zoning authority to review its decision and shall prescribe the time in which a return must be made which shall not be less than ten days and may be extended by the court and shall be served upon the relator's attorney. The allowance of the writ shall not stay proceedings upon the decision appealed from but the court may, on application, on notice and on due cause shown, grant a restraining order.

§ 3–21–9(A), (B), N.M.S.A.1978.

The City asserts that this statute restricts appellant to seeking a writ of certiorari as the only appropriate procedure for obtaining judicial review. We disagree. Section 3–21–9 gives the district court jurisdiction to hear appeals such as that involved here, and we view that section as including both petitions for review and writs of certiorari. Once a petition is filed with the district court, it becomes incumbent upon that court to either dismiss the matter or to issue a writ of certiorari. In this case the district court found that since a writ of certiorari was not specifically requested and presented to the court, there was noncompliance with the statute. However, the mere filing of a petition grants the court jurisdiction and complies with the presentment requirement of the statute. *See Butcher v. City of Albuquerque,* 95 N.M. 242, 620 P.2d 1267 (1980). The petition in this case contained all the necessary allegations required by statute. *See* § 3–21–9. It was timely filed, it is legally sufficient to apprise the City and Developers of the issues on appeal, and it provides a basis for a hearing and the proper disposition of the matter on its merits. *Cf. C & H Construction & Paving Co. v. Citizens Bank,* 93 N.M. 150, 597 P.2d 1190 (Ct.App.1979) (court found grant of summary judgment improper and noted that the Rules of Civil Procedure should be construed liberally, particularly as they apply to pleadings); *Maxey v. Quintana,* 84 N.M. 38, 499 P.2d 356 (Ct.App. 1972) (court stated that the pleading and motion provisions of the Rules of Civil Procedure should be construed to effect the simplification of litigation procedures and the avoidance of technical roadblocks to provide speedy determination of litigation upon its merits). Because the petition in this case was legally adequate, we find that the district court erred in dismissing this matter for lack of jurisdiction.

Although the district court order of dismissal stated that Mitchell lacked standing, the court specifically did not dismiss this

matter on that basis. Therefore, that issue is not properly before this Court.

This case is remanded to the district court for proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, J., concur.