837 P.2d 1380 (1992)
114 N.M. 297
STATE of New Mexico ex rel. Roger and Linda Sweet, Petitioners-Appellants,
v.
VILLAGE OF JEMEZ SPRINGS, INC. CITY COUNCIL, Jemez Springs Planning and Zoning Commission, Charlie G. Montoya, Mayor, and Gilbert Sandoval, Zoning Administrator, Respondents-Appellees.
No. 12385.
Court of Appeals of New Mexico.
July 24, 1992.
Antoinette Sedillo Lopez, Suedeen G. Kelly, John J. Capowski, and Henrick A. Roehnert and Miriam S. Wolok, Practicing *1381 Law Students, UNM Clinical Law Programs, Albuquerque, for petitioners-appellants.
Frank R. Coppler, Christopher Madrid, Coppler and Aragon, Santa Fe, for respondents-appellees.

OPINION
DONNELLY, Judge.
Protestants of a land use variance granted by the Village of Jemez Springs (Village) to the Jemez Mountains Electric Cooperative, Inc. (Applicant), appeal from an order of the district court dismissing their petition for a writ of certiorari. This appeal presents two issues: (1) whether the district court erred in determining that the failure to join Applicant as a party for review required dismissal of the petition for review and writ of certiorari; and (2) whether the district court abused its discretion in denying Protestants' request for leave to amend their petition in order to join Applicant as a party to the proceeding. For the reasons discussed herein, we reverse and remand.

FACTS
In June 1989 Applicant began using its land to store property and industrial equipment. Roger and Linda Sweet (Protestants), adjoining property owners, protested Applicant's actions to the Village Planning Commission. The Village Planning Commission responded by urging Applicant to submit a request for a land use variance.
Applicant filed an application for a land use variance and the Zoning Commission approved the application on August 29, 1989. The Village Council reviewed the action of the Zoning Commission on September 6, 1989. The Village voted to grant the requested variance.
On October 6, 1989, Protestants filed a petition for writ of certiorari and review with the district court, pursuant to NMSA 1978, Section 3-21-9 (Repl. 1985), seeking a review of the ruling of the Village Council and its Planning and Zoning Commission. Thereafter, the Village moved to dismiss the petition for lack of jurisdiction, alleging, among other things, that Protestants had failed to join Applicant in the action, and that Applicant was an indispensable or necessary party to the proceeding. Protestants denied that Applicant was a party required to be joined under Section 3-21-9, but later moved to join Applicant as a party to the proceeding.
After a hearing on the pending motions, the court dismissed Protestants' petition for review and the writ of certiorari, held that Applicant was "a real party in interest and an indispensable party," and that the failure to timely join Applicant deprived the court of jurisdiction.

JURISDICTION OF COURT
Protestants argue that the district court erred in determining that they had failed to join an indispensable or real party in interest or that nonjoinder of Applicant necessitated dismissal of their petition for review. They contend that Section 3-21-9, governing the method for obtaining review of decisions of the Village, is silent as to any requirement requiring joinder of an applicant for a land use variance.
The Village, although agreeing that Section 3-21-9 does not specifically embody a requirement that an applicant for a land use variance be named in the petition for review of the Village's decision, contends that joinder of Applicant is implicitly required under the statute and SCRA 1986, 1-019.
Section 3-21-9 provides in applicable part:
A. Any person aggrieved by a decision of the zoning authority, or any officer, department, board or bureau of the zoning authority may present to the district court a petition, duly verified, setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality. The petition shall be presented to the court within thirty days after the decision is entered * * *. [Emphasis added.]
*1382 The term "presented" as contained in Section 3-21-9 is synonymous with "filing." See Butcher v. City of Albuquerque, 95 N.M. 242, 620 P.2d 1267 (1980). Under Rule 1-019(A), a party subject to service of process is required to be joined as a party to an action if:
(1) in his absence complete relief cannot be accorded among those already parties; or
(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:
(a) as a practical matter impair or impede his ability to protect that interest; or
(b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.
SCRA 1986, 1-065(D)(2) also specifies matters required to be set out in a petition for a writ of certiorari. The rule directs that the petition shall, "if the respondent is a public officer, board or tribunal, purporting to act in the discharge of official duties, [include] the names of the real parties in interest[.]"
The supreme court in Mitchell v. City of Santa Fe, 99 N.M. 505, 660 P.2d 595 (1983), held that where a property owner sought judicial review from the decision of the Santa Fe City Council under Section 3-21-9, which named only the city as the respondent, the petition for appeal was sufficient to invest the district court with jurisdiction. In Mitchell the petitioner filed a petition for judicial review in the district court pursuant to Section 3-21-9 seeking appellate review of the city council's action, which gave preliminary approval to a developer to develop property located within the city's historical zone. The district court dismissed the petition and held that Section 3-21-9 restricted the appellant to seeking review of the city's decision by writ of certiorari and that the petition filed by the appellant was insufficient because it failed to request issuance of such writ.
The court in Mitchell reversed the order of the district court and held that Section 3-21-9 invested the district court with jurisdiction to hear such petition and that "we view [Section 3-21-9] as including both petitions for review and writs of certiorari." Id. at 507, 660 P.2d at 597. The supreme court further held that the timely filing of the petition for review invested the district court with jurisdiction to hear the petition for appeal, and that the petition "contained all the necessary allegations required by statute. It was timely filed, it is legally sufficient to apprise the City and Developers of the issues on appeal, and it provides a basis for a hearing and the proper disposition of the matter on its merits." Id. (citation omitted).
The petition for review in the present case did not name Applicant as a party to the appeal, but the petition, similar to the one filed in Mitchell, identified Applicant in the body of the petition. Comparison of the petition in the case before us with the petition filed in Mitchell indicates that it satisfied each of the legal requirements necessary to invoke appellate review.
The court in Mitchell, although holding that the appellant's appeal complied with the requirements of Section 3-21-9, did not expressly address the question of whether a successful applicant for a variance to a land use ordinance is an indispensable or necessary party to an appeal under such statute.[1]
Protestants contend that an applicant for a land use variance is not an indispensable or necessary party to an appeal or action seeking review of the decision of the zoning or land use authority. See City of Homewood v. State, City of Birmingham, *1383 358 So.2d 424 (Ala. 1978); Brigham v. Dade County, 305 So.2d 756 (Fla. 1974); Mobley v. City of Thomasville, 97 Ga. App. 855, 104 S.E.2d 586 (1958); Leventhal v. Michaelis, 29 Misc.2d 831, 219 N.Y.S.2d 508 (Sup.Ct. 1961). Courts in other jurisdictions have reached an opposite result. See Beresford Neighborhood Ass'n v. City of San Mateo, 207 Cal. App.3d 1180, 255 Cal. Rptr. 434 (1989); Thorne v. Board of County Comm'rs, 638 P.2d 69 (Colo. 1981) (en banc); Noblitt v. Metropolitan Plan Comm'n, 131 Ind. App. 503, 172 N.E.2d 583 (1961); Lanaux v. City of New Orleans, Bd. of Zoning Adjustments, 489 So.2d 329 (La. Ct. App. 1986); Caron v. City of Auburn, 567 A.2d 66 (Me. 1989); State ex rel. Henze v. Wetzel, 754 S.W.2d 888 (Mo. Ct. App. 1988); Spanish Wells Property Owners Ass'n v. Board of Adjustment, 295 S.C. 67, 367 S.E.2d 160 (1988); Tellinghuisen v. King County Council, 38 Wash. App. 24, 684 P.2d 748, rev'd on other grounds, 103 Wash.2d 221, 691 P.2d 575 (1984).
The authorities relied upon by the Village articulate the majority rule. In Spanish Wells Property Owners Ass'n the South Carolina Supreme Court noted the differences in decisions on this issue and observed:
Other jurisdictions are divided on whether the permittee or successful applicant [for a land use or zoning variance] is a necessary party to an appeal instituted by an aggrieved party. The emerging majority view is that the permittee is a necessary party. See 3 Rathkopf, The Law of Zoning and Planning § 42.05[3] (4th Ed. 1980 & Supp. 1987) (citing numerous cases espousing "ascending" view); 101A C.J.S. Zoning and Planning § 301 (1979).
We find the reasoning behind the majority rule convincing. Designating the permittee a necessary party insures the most vitally interested party's participation in the appellate process. See Cathcart-Maltby-Clearview Community Council v. Snohomish County, 96 Wash.2d 201, 634 P.2d 853 (1981) (owner-applicant is party "most affected" and is necessary to any proceeding to invalidate his interest).
367 S.E.2d at 161.
We think the majority rule recognized in Spanish Wells Property Owners Ass'n is designed to ensure joinder of parties whose interests may be materially affected by subsequent judicial action and we agree with the Village that under Section 3-21-9 and Rule 1-065(D)(2), where the party bringing the appeal seeks to overturn a decision authorizing a zoning variance, the applicant for the variance is an indispensable or necessary party.
Resolution of this issue, however, is not dispositive of the case before us. The Village argued below, and the district court held, that Protestants failed to timely move to join Applicant as a party to the appeal. Accordingly, we next review the question of whether the failure of Protestants to initially join Applicant as a party to the appeal within the thirty-day period prescribed by Section 3-21-9 deprived the court of jurisdiction to hear the appeal.

DENIAL OF LEAVE TO AMEND
Following the filing of Protestants' petition for review and writ of certiorari on October 6, 1989, the Village moved to dismiss Protestants' petition based on their failure to join Applicant as an indispensable or necessary party. After the Village moved to dismiss on January 2, 1990, Protestants requested leave to amend their petition for writ of certiorari in order to join Applicant as a party to the proceeding. The district court denied Protestants' motion for leave to amend and found that Protestants "failed to timely file a motion before this Court to join the [Applicant]." The record in the instant case indicates that Protestants filed their petition for review and writ of certiorari on the final day permitted for obtaining review. The motion to add Applicant as a party to their petition for review was not filed until after January 2, 1990, almost three months after the date of filing of the petition.
*1384 Protestants argue that even if Applicant was required to be joined in their application for review and writ of certiorari, their failure to initially join an indispensable or necessary party did not automatically deprive the district court of jurisdiction because under Rule 1-019 a necessary party may be subsequently joined in the action. Protestants contend that the court abused its discretion in ruling that they were precluded from adding Applicant as a party under SCRA 1986, 1-015(C).
In C.E. Alexander & Sons, Inc. v. DEC International, Inc., 112 N.M. 89, 811 P.2d 899 (1991), the supreme court considered the effect of a failure to join an indispensable or necessary party to an action, noting that an absence of joinder of an indispensable or necessary party under Rule 1-019 is no longer deemed a jurisdictional defect. The court also observed:
The current rule [1-019] articulates a balancing test to determine whether a suit can continue without a party, and it leaves to the court's discretion the performance of that test. See Envirotech Corp. v. Bethlehem Steel Corp., 729 F.2d 70 (2d Cir.1984) (Rule 19(b) gives district court substantial discretion to weigh factors and determine whether a suit can continue without joinder, i.e. it involves more of a factual than legal determination, and review is limited to abuse of discretion); Cloverleaf Standardbred Owners Ass'n v. National Bank, 699 F.2d 1274, 1277 (D.C. Cir.1983). Under the current rule, we do not consider the test of indispensability to be jurisdictional, and we hereby overrule precedent to the contrary. [Emphasis added.]
112 N.M. at 91, 811 P.2d at 901.
C.E. Alexander & Sons, Inc. did not expressly discuss the issue raised in the instant case, i.e., whether a failure to join an indispensable or necessary party to a petition for review filed under Section 3-21-9 may be cured by a motion to join an omitted party after the thirty-day period for seeking review has expired.
Both parties rely upon decisions from other jurisdictions as authority in resolving the issue of whether it is mandatory that a successful applicant for a zoning variance be joined as an indispensable or necessary party to an appeal or review by certiorari within the time prescribed by statute.
We are not persuaded that the district court is precluded by the time limits in Section 3-21-9 from adding Applicant as a party. Under Rule 1-019, an indispensable or necessary party may be joined as a party to an action where necessary for a just adjudication. See also SCRA 1986, 1-021 (parties may be added by order of the court on motion of a party at any stage of the action). The supreme court has also adopted SCRA 1986, 12-301, permitting an appellate court to add parties "on such terms as it may deem proper" at any stage of any proceeding.
Earlier decisions of the supreme court held that an omitted, indispensable party could not be joined as a party to an appeal after the time for filing the appeal had expired. See Brown v. New Mexico State Bd. of Educ., 83 N.M. 99, 488 P.2d 734 (1971) and Clark v. Rosenwald, 30 N.M. 175, 230 P. 378 (1924). The court in Ferguson-Steere Motor Co. v. State Corp. Comm'n, 59 N.M. 220, 282 P.2d 705 (1955), however, took notice that amendments to supreme court rules had been made after its decisions in Clark and Miller v. Oskins, 33 N.M. 109, 263 P. 764 (1927), and that no time limit existed "on the right to make application to add parties here, though obviously unseemly delay, or prejudice to the opposite party, would be factors * * * looking with disfavor on such an application." Id. at 225, 282 P.2d at 708; see also Russell v. University of N.M. Hosp./Bernalillo County Medical Ctr., 106 N.M. 190, 740 P.2d 1174 (Ct.App. 1987) (appeal involving the untimely service of the notice of appeal). We are persuaded that under the rationale applied by the court in C.E. Alexander & Sons, Inc. and the provisions of our current rules of civil and appellate procedure, absent a showing of prejudice, the *1385 court may add a necessary or indispensable party to an appeal after the time for filing the notice of appeal has expired. See id. (policy favoring appeals on their merits should prevail). The Village has not argued that it was prejudiced by Protestants' delay in the instant case.
In reaching its decision in C.E. Alexander & Sons, Inc., our supreme court relied in part on 3A James W. Moore et al., Moore's Federal Practice ¶ 19.01[5.-9] (2d ed. 1990). This treatise recognizes that, in addition to jurisdictional questions, the concept of indispensability also concerns the ability of a court to make an equitable adjudication. See 3A James W. Moore et al., Moore's Federal Practice ¶ 19.05[2] (2d ed. 1991). In the present case, Protestants' petition was filed on the thirtieth day following the entry of the decision of the Village Council. The Village's objection to Protestants' failure to name an indispensable or necessary party was made after the deadline for filing the petition. See § 3-21-9. In such a situation, where a petitioner may be precluded from pursuing review, we think the supreme court in C.E. Alexander & Sons, Inc. implicitly determined that rigid jurisdictional bars are no longer applicable where there has been a failure to join an indispensable party and, absent prejudice, permits joinder of necessary or indispensable parties to an appeal or review by certiorari.
In conclusion, we determine that where an indispensable or necessary party is subject to service of process and is otherwise capable of being joined as a party to a proceeding under Section 3-21-9, the district court has jurisdiction to add such party to the proceeding after the time to file the petition has expired.

CONCLUSION
The order of the district court dismissing the petition for review is reversed and the cause is remanded for further proceedings consistent with this opinion.
IT IS SO ORDERED.
BLACK, Judge, concurs.
HARTZ, Judge (specially concurring).
HARTZ, Judge (Specially Concurring).
I concur in the result.
I agree with the majority that the proper respondent in a petition for review under NMSA 1978, Section 3-21-9, was the Village of Jemez Springs. The petition in this case therefore conferred jurisdiction on the district court. See Mitchell v. City of Santa Fe, 99 N.M. 505, 660 P.2d 595 (1983).
From that point on I part company with the majority. The majority opinion seems to say that (1) the applicant for a variance is an indispensable or necessary party to the district court review proceeding and should be joined in the proceeding prior to the expiration of the 30-day time limit in Section 3-21-9, but (2) the district court nevertheless has jurisdiction to add the applicant after the expiration of the time limit. I have several reservations about this approach.
First, I do not agree that an applicant for a variance is always an indispensable party to a review proceeding. To say that a person is indispensable is simply shorthand for saying that the case should be dismissed if the person cannot be joined as a party. See SCRA 1986, 1-019(B). I am not prepared to say that when the applicant for a variance cannot be joined in the review proceeding, the petition for review should always be dismissed. Although I agree that there are clear advantages to having the applicant as a participant in the review proceeding, the teaching of C.E. Alexander & Sons Inc. v. D.E.C. International, 112 N.M. 89, 811 P.2d 899 (1991), is that the determination of whether to dismiss an action for failure to join an indispensable party requires balancing of the equities in the specific factual context of the individual case. Given the great variety of circumstances in which the issue could arise, I cannot say that the equities will invariably favor dismissal.
Second, the majority appears to state that the indispensable party  the applicant for the variance  should be joined within the 30-day period prescribed by Section 3-21-9 for filing a petition for review. I fail *1386 to understand why the 30-day time limit should apply to joinder of the applicant for a variance. As the majority and I agree, a proper petition for review was filed in this case within the 30-day time limit. See Mitchell. Neither Section 3-21-9 nor Rule 1-019 requires that anything else be done within the 30-day time limit. It is noteworthy that in Mitchell the applicant for the variance moved to intervene after expiration of the 30-day time limit.
Third, I am not prepared to join the majority's discussion suggesting that a necessary party to an appeal can be joined after the time for filing an appeal has expired. That area of our law is confusing enough already.
My approach to Applicant's absence from the review proceeding is rather different from the majority's. Given that Section 3-21-9, as construed in Mitchell, provides that the Village is the proper respondent to a petition for review, I would hold that the Applicant is entitled to no more than a fair opportunity to intervene. So long as that opportunity has been afforded Applicant, Applicant's interests in the district court proceeding are fully protected and there is no need to dismiss the proceeding. This is the approach taken by the federal courts under the National Labor Relations Act. When a party to a proceeding before the NLRB seeks judicial review, the sole proper respondent is the NLRB, but others who were parties in the NLRB proceeding may intervene in the judicial review proceeding. See International Union, United Auto., Aerospace & Agric. Implement Workers v. Scofield, 382 U.S. 205, 86 S.Ct. 373, 15 L.Ed.2d 272 (1965); Oil, Chem. & Atomic Workers Local Union No. 6-418 v. NLRB, 694 F.2d 1289, 1298 (D.C. Cir.1982). There is a substantial issue as to whether the right to a fair opportunity to intervene includes the right to actual notice of the judicial review proceeding, see Town of Bethlehem v. Tucker, 119 N.H. 927, 409 A.2d 1334 (1979), or whether it is sufficient that participation in the administrative proceeding provides constructive notice of a possible appeal, see Leventhal v. Michaelis, 29 Misc.2d 831, 219 N.Y.S.2d 508, 516 (1961); but there is no question that Applicant has received actual notice in this case.
Because the record before us establishes that Applicant had a fair opportunity to intervene (and, indeed, will be joined on remand), I concur in reversing the district court's dismissal of the petition for review.
NOTES
[1] New Mexico makes no distinction between indispensable or necessary parties. State Farm Mut. Auto. Ins. Co. v. Foundation Reserve Ins. Co., 78 N.M. 359, 431 P.2d 737 (1967).